UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| STEPHANIE BISHOP,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BAYER CORPORATION; BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER SCHERING PHARMA AG; BAYER AG,<br><br>　　　　　　Defendants. | Cause No.  3:10-cv-11716-DRH-PMF<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### INTRODUCTION

Defendants' products YAZ and Yasmin ("the products") are oral contraceptives, manufactured, designed and sold by defendants.  Both products, with slight variations, are essentially the same, and each of the products contain ethinyl estradiol, combined with the so called new "generation" progestin drospirenone (DRSP). As detailed below, this combination of drugs, and DRSP alone, significantly increase the risk for hyperkalemia.  As a result, users, such as the plaintiff in this case, have been subjected to significant health risks, including blood clots (deep vein thrombosis) (DVT), pulmonary embolism (PE), stroke (cerebrovascular accidents), heart attack (myocardial infarction), gallbladder disease, gallbladder removal (cholecystectomy), kidney failure or renal failure, pancreatitis and in some cases, death.  As detailed below, the filing of this complaint seeks recovery for the plaintiff for her injuries suffered as result of ingestion of this product.

**PARTIES AND JURISDICTION**

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332.

2. Plaintiff Stephanie Bishop is a citizen of the State of New York.  Ms. Bishop was prescribed and ingested YAZ or Yasmin on a continuous basis in the State of New York beginning in or about 2001 and continuing to about 2005.  As a result of using YAZ or Yasmin, Ms. Bishop sustained injuries and damages including but not limited to gallbladder disease and gallbladder removal, and its related effects, which was performed in the State of New York in or about January of 2004, and which left her incapacitated for a period of time.

3. Defendant Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.  Defendant Bayer Corporation is engaged in the business of researching, developing, designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, its products, including the prescription drugs YAZ and Yasmin.  At all relevant times, Defendant Bayer Corporation conducted continuous and systematic business in the State of Illinois by selling and distributing its products throughout the State of Illinois and throughout the United States.

4. Defendant Bayer Healthcare Pharmaceuticals, Inc. is a Delaware corporation, with its principal place of business at 6 West Belt Road, Wayne, New Jersey 07470.  Defendant Bayer Healthcare Pharmaceuticals, Inc. is engaged in the business of researching, developing, designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, its products, including the prescription drugs YAZ and Yasmin.  At all relevant times, Defendant Bayer Healthcare Pharmaceuticals, Inc. conducted continuous and systematic business in the

State of Illinois by selling and distributing its products throughout the State of Illinois and throughout the United States.

5. Berlex, Inc. and Berlex Laboratories, Inc. were foreign corporations with their principal places of business and headquarters located in Montville, New Jersey. Berlex, Inc. and Berlex Laboratories, Inc. were integrated with Bayer Healthcare, leading to the creation of Bayer Healthcare Pharmaceuticals, Inc. Prior to being integrated with Bayer Healthcare to create Bayer Healthcare Pharmaceuticals, Inc., Berlex, Inc. and Berlex Laboratories, Inc. were engaged in the business of researching, developing, designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, its products, including the prescription drugs YAZ and Yasmin. At all relevant times, Berlex. Inc. and Berlex Laboratories, Inc. conducted continuous and systematic business in the State of Illinois by selling and distributing their products throughout the State of Illinois and throughout the United States.

6. Defendant Bayer Schering Pharma AG is a company organized and existing under the laws of the Federal Republic of Germany, with its principal place of business at Müllerstrasse 178, D-13353 Berlin, Germany. Defendant Bayer Schering Pharma AG is engaged in the business of researching, developing, designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, its products, including the prescription drugs YAZ and Yasmin. At all relevant times, Defendant Bayer Schering Pharma AG conducted continuous and systematic business in the State of Illinois by selling and distributing its products throughout the State of Illinois and throughout the United States.

7. Defendant Bayer Schering Pharma AG is a corporate successor of Schering AG, which was renamed Bayer Schering Pharma AG.

8. Defendant Bayer Schering Pharma AG is the current owner of the patents relating to the pharmaceutical drugs Yasmin and YAZ.

9. Defendant Bayer Schering Pharma AG's headquarters and principal place of business in the United States is located at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.

10. Defendant Bayer AG is a German company that is headquartered in Leverkusen, North Rhine-Westphalia, Germany.

11. Defendant Bayer AG is the parent/holding company of all other named Defendants and is engaged in the business of researching, developing, designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, its products, including the prescription drugs YAZ and Yasmin.  At all relevant times, Defendant Bayer AG conducted continuous and systematic business in the State of Illinois by selling and distributing its products throughout the State of Illinois and throughout the United States.

12. Defendant Bayer AG's headquarters and principal place of business in the United States is located at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.

13. Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Schering Pharma AG, and Bayer AG are hereafter collectively referred to as "Defendants" unless otherwise delineated.

# FACTS

## Underlying facts

14. Based on the components of the products, the Defendants' oral contraceptive pills YAZ and Yasmin have a unique association with higher rate of blood clots, strokes, heart attacks, pulmonary embolisms, deep vein thrombosis, gallbladder problems, kidney failure, and pancreatitis.

15. YAZ and Yasmin can also cause an increase in the potassium levels of the blood, which can lead to a condition known as hyperkalemia. Hyperkalemia causes, among other medical problems, blood/heart rhythm disturbances.

16. In the short time that YAZ and Yasmin have been available for purchase in the United States of America, over 50 deaths associated with these products have been reported to the United States Food and Drug Administration ("FDA").

17. Defendants have heavily promoted YAZ and Yasmin throughout the United States, but the FDA has objected to the Defendants' marketing of these products in a number of respects, including the running of advertisements for unapproved uses and the failure to note any discussion in the advertisements of the risks associated with increased potassium.

18. Despite the fact that Defendants knew or should have known of the risks associated with YAZ and Yasmin, Defendants over-promoted the products and failed to fully warn Plaintiff, the medical community and the general population of users and potential users of these risks. As a result, Plaintiff and others like her have suffered serious physical injury, as well as pecuniary and other losses. Further, at all pertinent times, Defendants concealed the true dangers of YAZ and Yasmin, and their links to certain injuries, from Plaintiff, others like her,

and the medical community, and Plaintiff was unable to ascertain her cause of action and that her injuries were wrongfully caused.

## COUNT ONE

### Strict Product Liability

19. Plaintiff repeats and incorporates by reference each of the paragraphs above.

20. That at the time the subject Defendants' products product left the control of the Defendants, and each of them, and was sold to the Plaintiff it contained one or more conditions which rendered it defective, unreasonably dangerous and not reasonably safe when used in a reasonably foreseeable manner.

21. That as a direct and proximate result of one or more of the foregoing unreasonably dangerous conditions of the Defendants' products, Plaintiff suffered personal injuries, including but not limited to gallbladder disease, gallbladder removal and the related effects; Plaintiff was caused and will in the future suffer conscious pain and mental suffering, disability, disfigurement; Plaintiff has suffered and in the future will suffer loss of a normal life; Plaintiff has been caused to incur and will incur in the future expenses for necessary medical care, treatment, and services; Plaintiff has suffered and will in the future suffer a loss of the value of her time, earnings, profits, and salaries; Plaintiff has and will in the future be damaged in her earning capacity; and, Plaintiff has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE the Plaintiff prays for judgment in her favor and against the Defendants, and each of them, in a sum in excess of $75,000, together with the costs of this action.

## COUNT TWO

### Negligence

22.     Plaintiff repeats and incorporates by reference each of the paragraphs above.

23.     At all times relevant, it was the duty of Defendants, and each of them, to exercise ordinary care in their conduct so as not to cause injury to the person of the Plaintiff and others.

24.     That the Defendants, and each of them, breached their respective duty of care to the Plaintiff through acts or omissions.

25.     That as a direct and proximate result of one or more of the foregoing negligent acts of the Defendants', Plaintiff suffered personal injuries, including but not limited to gallbladder disease, gallbladder removal and the related effects; Plaintiff was caused and will in the future suffer conscious pain and mental suffering, disability, disfigurement; Plaintiff has suffered and in the future will suffer loss of a normal life; Plaintiff has been caused to incur and will incur in the future expenses for necessary medical care, treatment, and services; Plaintiff has suffered and will in the future suffer a loss of the value of her time, earnings, profits, and salaries; Plaintiff has and will in the future be damaged in her earning capacity; and, Plaintiff has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE the Plaintiff prays for judgment in her favor and against the Defendants, and each of them, in a sum in excess of $75,000, together with the costs of this action.

## COUNT THREE

### Breach of Implied Warranty

26.     Plaintiff repeats and incorporates by reference each paragraphs above.

27.     At all times relevant, the Defendants were merchant/sellers with respect to the product.

28. In order to induce the purchase and/or use of the product, the Defendants, impliedly warranted to potential users of the product, including the Plaintiff, that the product was safely tested and manufactured and was safe for the uses for which it was designed and/or advertised to be used.

29. At all times relevant, the Defendants breached said warranty in that at all times relevant the product was not safe for the uses for which it was manufactured and/or advertised.

30. The Plaintiff relied upon the Defendants' implied warranties.

31. That as a direct and proximate result of one or more of the foregoing breaches of implied warranty respecting the subject product, Plaintiff suffered personal injuries, including but not limited to a gallbladder disease, gallbladder removal and the related effects; Plaintiff was caused and will in the future suffer conscious pain and mental suffering, disability, disfigurement; Plaintiff has suffered and in the future will suffer loss of a normal life; Plaintiff has been caused to incur and will incur in the future expenses for necessary medical care, treatment, and services; Plaintiff has suffered and will in the future suffer a loss of the value of her time, earnings, profits, and salaries; Plaintiff has and will in the future be damaged in her earning capacity; and, Plaintiff has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE the Plaintiff prays for judgment in her favor and against the Defendants, and each of them, in a sum in excess of $75,000, together with the costs of this action.

## **COUNT FOUR**

### **Breach of Express Warranty**

32. Plaintiff repeats and incorporates by reference each of the paragraphs above.

33. At all times relevant, the Defendants were merchant/sellers with respect to the product.

34. In order to induce the purchase and/or use of the Defendants' product, the Defendants, expressly warranted to potential users of the products, including the Plaintiff, that the product was safely tested and manufactured and was safe for the uses for which it was designed and/or advertised to be used.

35. At all times relevant, the Defendants, breached said warranty in that at all times relevant the product was not safe to be used for the uses for which it was manufactured and/or advertised.

36. The Plaintiff relied upon the Defendants' express warranties.

37. That as a direct and proximate result of one or more of the foregoing breaches of express warranty respecting the subject product, Plaintiff suffered personal injuries, including but not limited to a gallbladder disease, gallbladder removal and the related effects; Plaintiff was caused and will in the future suffer conscious pain and mental suffering, disability, disfigurement; Plaintiff has suffered and in the future will suffer loss of a normal life; Plaintiff has been caused to incur and will incur in the future expenses for necessary medical care, treatment, and services; Plaintiff has suffered and will in the future suffer a loss of the value of her time, earnings, profits, and salaries; Plaintiff has and will in the future be damaged in her earning capacity; and, Plaintiff has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE the Plaintiff prays for judgment in her favor and against the Defendants,

and each of them, in a sum in excess of $75,000, together with the costs of this action.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**ONDER, SHELTON, O'LEARY & PETERSON, LLC**

By   /s/ Michael S. Kruse
Mark R. Niemeyer
James G. Onder
Michael S. Kruse
110 E. Lockwood, 2nd Floor
St. Louis, MO  63119
314-963-9000 telephone
314-963-1700 facsimile
niemeyer@onderlaw.com
onder@onderlaw.com
kruse@onderlaw.com
*Attorneys for Plaintiff*